UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------X
**PRISCILLA TROESCHER,**

                              **Docket No. 2:25-cv-14357**

                  **Plaintiff,**

   -against-

**BURGER MAKER INC.,**

                  **Defendant.**
-------------------------------------------------------------X

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

     Defendant Burger Maker Inc., by and through its attorneys, Milman Labuda Law Group PLLC, hereby submit this Answer to the Complaint ("Complaint") of Priscilla Troescher as follows:

### "JURISDICTION AND VENUE"

     1.     The allegations contained in ¶ 1 of the Complaint reflect Plaintiff's characterization of the case, therefore, no response is required. To the extent a response is required, Defendant denies.

     2.     Defendant admits the allegations in ¶ 2 of the Complaint.

     3.     Defendant admits the allegation in ¶ 3 of the Complaint.

### "THE PARTIES"

     4.     Defendant admits the allegations in ¶ 4 of the Complaint.

     5.     Defendant admits the allegations in ¶ 5 of the Complaint.

     6.     The allegations contained in ¶ 6 of the Complaint contain a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies.

## "PLAINTIFF'S CLAIMS"

## "COUNT ONE"
## "VIOLATION OF THE FAMILY MEDICAL LEAVE ACT"

7. Defendant denies the allegations contained in ¶ 7 of the Complaint.

8. Defendant admits that Plaintiff disclosed her alleged diagnosis to her supervisor, Robert Ciallella, but denies the balance of the allegations contained in ¶ 8 of the Complaint.

9. Defendant denies the allegations contained in ¶ 9 of the Complaint.

10. Defendant admits that Plaintiff was put on a Performance Improvement Plan ("PIP") on December 19, 2024, but denies the balance of the allegations contained in ¶ 10 of the Complaint.

11. Defendant denies the allegations contained in ¶ 11 of the Complaint.

12. Defendant admits that Plaintiff was not getting her work done, and that she was advised as such, but denies the balance of the allegations contained in ¶ 12 of the Complaint.

13. Defendant denies the allegations contained in ¶ 13 of the Complaint.

14. Defendant denies the allegations contained in ¶ 14 of the Complaint.

15. Defendant admits that Plaintiff's request for PTO (paid time off) was denied under company policy, but denies the balance of the allegations contained in ¶ 15 of the Complaint.

16. The allegations contained in ¶ 16 of the Complaint contain a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies.

17. Defendant denies the allegations contained in ¶ 17 of the Complaint.

18. Defendant denies the allegations contained in ¶ 18 of the Complaint.

19. Defendant denies the allegations contained in ¶ 19 of the Complaint.

20. The allegations contained in ¶ 20 of the Complaint contain a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies.

21. Defendant denies the allegations contained in ¶ 21 of the Complaint.

**"COUNT TWO"**
**"VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION"**

22. Defendant denies the allegations contained in ¶ 22 of the Complaint.

23. The allegations contained in ¶ 23 of the Complaint contain a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies.

24. The allegations contained in ¶ 24 of the Complaint contain a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies.

25. Defendant denies the allegations contained in ¶ 25 of the Complaint.

26. Defendant denies the allegations contained in ¶ 26 of the Complaint.

27. Defendant denies the allegations contained in ¶ 27 of the Complaint.

28. Defendant denies the allegations contained in ¶ 28 of the Complaint.

29. The allegations contained in ¶ 29 of the Complaint contain a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies.

**"COUNT THREE"**
**"NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT"**

30. Defendant denies the allegations contained in ¶ 30 of the Complaint.

31. Defendant denies the allegations contained in ¶ 31 of the Complaint.

32. Defendant denies the allegations contained in ¶ 32 of the Complaint.

33. The allegations contained in ¶ 33 of the Complaint contain a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies.

## "COUNT FOUR"
## "VIOLATION OF THE NEW JERSEY LAW WAGE PAYMENT ACT"

34. Defendant denies the allegations contained in ¶ 34 of the Complaint.

35. Defendant denies the allegations contained in ¶ 35 of the Complaint.

36. Defendant denies the allegations contained in ¶ 36 of the Complaint.

37. Defendant denies the allegations contained in ¶ 37 of the Complaint.

### DEFENDANT'S AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Plaintiff has failed to state a cause of action upon which relief may be granted under the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq ("FMLA"), the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 et seq., the New Jersey Conscientious Employee Protection Act, ("CEPA") 34:19-1 et seq. and the New Jersey Wage Payment Act, N.J.S.A. § 34:11-4.1 et seq.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred on the ground that all actions taken by Defendant were taken for legitimate, non-discriminatory reasons and without retaliatory animus, as such, Defendant did not violate any legal right possessed by Plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Defendant employs a policy that strictly prohibits discrimination for any reason, including disability, among other legally protected classes.

4. This Company policy includes a complaint procedure.

5. This Company policy is uniformly and consistently applied in cases where discrimination is alleged by an employee.

6. Without adequate reason, Plaintiff failed or refused to invoke Company policy for redress of allegations of discrimination.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

7. At all relevant times, Defendant did not condone or allow workplace discrimination.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims are barred by the applicable statute of limitations.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

9. Plaintiff is not entitled to punitive damages under any causes of action contained in the Complaint. Moreover, Defendant engaged in no acts or omissions which would either rise to the level required to sustain an award of punitive damages, were not motivated by evil intent, do not evidence a malicious, knowing, oppressive or fraudulent intent to deny Plaintiff his protected rights, and were not so wanton or willful as to support an award of punitive damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

10. Defendant denies that Plaintiff suffered any emotional, psychological and/or physical damage, and any emotional, psychological or physical condition suffered by Plaintiff is attributable to causes wholly independent of the allegations in the Complaint.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

11. To the extent that Plaintiff engaged in misconduct prior to or during his employment which would have resulted in denial of his employment or in his discharge, had said acts or omissions been known to Defendant, any relief awarded should be reduced, in whole or in part, due to his having engaged in such misconduct.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred on the ground that all actions taken by Defendant lacked pretext for discrimination.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

13. Plaintiff should not be entitled to the recovery of attorney's fees and costs because the exercise of such judicial discretion in this matter is inappropriate.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

14. Plaintiff could not perform the essential functions of her job with or without a reasonable accommodation.

**WHEREFORE,** Defendant demands judgment dismissing plaintiff's Complaint in its entirety with prejudice, awarding it attorneys' fees and costs, and granting it such other relief as the Court may deem equitable and just.

Dated: Lake Success, New York
       December 1, 2025

Respectfully submitted,

MILMAN LABUDA LAW GROUP PLLC

/s/ Joseph M. Labuda

Joseph M. Labuda, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com

*Attorneys for Defendant Burger Maker, Inc.*

## CERTIFICATE OF SERVICE

I, Joseph Labuda, an attorney, certify that on December 1, 2025, I caused the foregoing **Answer to Complaint** to be served on all counsel of record listed via the Court's ECF system.

/s/ Joseph Labuda
Joseph M. Labuda, Esq.
MILMAN LABUDA LAW GROUP PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com

*Attorneys for Defendant Burger Maker Inc.*